IN THE MATTER OF THE WILL OF T. A. BROOKS, DECEASED.

(Filed 2 March, 1966.)

APPEAL by caveators from Clark, S.J., November 1965 Special Session of BEAUFORT.

T. A. Brooks died June 26, 1964. His wife had predeceased him, and he left no lineal heirs. On July 22, 1964, the Bank of Washington, as the executor and trustee named therein, offered three attested writings for probate as the last will and testament of T. A. Brooks, The first, dated February 13, 1962, purported to be his "Last Will and Testament"; the second, dated March 6, 1962, and the third, dated October 6, 1962, were each labeled "Codicil to My Last Will and Testament dated February 13, 1962." In these writings which were probated in common form, T. A. Brooks devised all his property to the Bank of Washington in trust (1) to support and educate deserving white, "fatherless orphans" selected by the trustee, who was directed to give priority to Beaufort County residents; (2) to pay $20.00 a month to the Methodist Episcopal Church of

Washington during its existence; and (3) to pay $75.00 a month for life to each of four beneficiaries: a sister-in-law, the nurse who had attended him and his wife, and two nieces.

On January 6, 1965, twenty-one of his collateral relations filed a *caveat* in which they alleged that, at the time T. A. Brooks signed each of the probated documents, he lacked testamentary capacity because of mental weakness resulting from old age and disease. The usual issues were submitted to the jury and answered in favor of the propounder. From the judgment declaring that the paper writings proffered constituted "the true Last Will and Testament of T. A. Brooks" and admitting them to probate in solemn form, caveators appeal.

*Leroy Scott and Carter & Ross for caveator appellants.*

*John A. Wilkinson and Rodman & Rodman for propounder appellee.*

PER CURIAM. We have carefully examined the entire record and considered caveator's assignments of error, each of which relates to the admission or exclusion of testimony. In no ruling have we found any error which would justify a new trial. The clear cut issue was whether T. A. Brooks had testamentary capacity on each of the three dates he signed the paper writings offered for probate. Both propounders and caveators offered evidence, and the jury's verdict established the will. The case was tried in accordance with settled principles of law. In the trial we find

No error.

MOORE, J., not sitting.